UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. JARVIS, | ) | CASE NO. 4:08CV2920 |
| | ) | |
| Petitioner | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| -vs- | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| Respondents. | ) | |

<u>Pro se</u> petitioner William Jarvis filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and Federal Civil Rule 65 on December 15, 2008. He seeks emergency relief based on Federal Bureau of Prisons (BOP) and the Federal Correctional Institution at Elkton, Ohio (F.C.I. Elkton) refusal to release him to home confinement. As a remedy, petitioner asks the court to issue an order directing his placement in home confinement following his release on January 12, 2009.

*Background*

A request was sent to the BOP to refer Mr. Jarvis for 60 - 70 days placement in a

residential community center. In a memorandum, dated October 14, 2008, from BOP Community Correction Specialist Michael Steiger, Mr. Jarvis was advised that all of the half-way houses in close proximity to petitioner's release residence would be full until February 2009. The memorandum was considered a "denial due to no available bed space."

Based on the denial of his request for release to a community confinement center, Mr. Jarvis sent a letter to probation officer Ted Price requesting release to home confinement on January 12, 2009. Mr. Price explained that he could not honor petitioner's request "unless the sentencing judge provides an order that I do an investigation into this matter." (Letter from Price to Jarvis of 11/06/08.) Four days later, Mr. Price advised Mr. Jarvis that a full investigation of his request would be initiated "if an official request is forwarded to our district by the Bureau of Prisons . . . and responded to in accordance with district policy." (Letter from Price to Jarvis of 11/10/08.) There is no indication Mr. Jarvis pursued this matter any further before filing his present petition.

Mr. Jarvis now asserts that the BOP has authority to grant his placement in home confinement pursuant to 18 U.S.C. § 3624(c). He believes his placement is justified because his sister was recently hospitalized to have a large tumor removed. If he were permitted release to home confinement on January 12, 2009, Mr. Jarvis explains that he could care for his ailing sister, "establish a job," and become fully integrated into the community. He complains that the denial of placement in a half way house based on 'bed space' violates the Second Chance Act. This circumstance is allegedly denying him his "greatest possibility of reintegration." (Pet. at 2.) Further, he claims it is an abuse of the BOP's discretion to deny him placement in home confinement as an alternative.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).  Here, the petitioner has properly filed his request for habeas relief in this court, as it has personal jurisdiction over his custodian.  The substance of his petition fails, however, as a matter of law.

*Exhaustion*

Federal prisoners must generally exhaust their federal administrative remedies prior to filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). The exhaustion requirement as applied to federal prisoners is not jurisdictional, but its importance is well established.  See Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229 (6th Cir. 2006); see also, e.g., Gates-Bey v. United States Parole Comm'n, 9 Fed.Appx. 308, 310 (6th Cir.2001) (unpublished) (noting that § 2241's exhaustion prerequisite is "not a statutory requirement"); Wesley v. Lamanna, 27 Fed.Appx. 438, 438-39 (6th Cir.2001) (unpublished) (same).

The Sixth Circuit has recognized that the habeas exhaustion requirement is not without exception, as a prisoner's failure to exhaust available administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks. See, e.g., Aron v. LaManna, 4 Fed.Appx. 232, 233 (6th Cir.2001)(unpublished) (noting exceptions); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982) ("A long line of Supreme Court

cases recognizes the rule that a party need not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested.") A habeas petitioner's failure to complete the administrative remedy process may be excused where the failure to exhaust would be futile. Fazzini, 473 F.3d at 236.  Because Mr. Jarvis's anticipated release date is January 12, 2009, the failure to exhaust appears to be futile in this case and the court will excuse his failure to exhaust available administrative remedies.

*Pre-release Conditions*

Under § 3624(c), the BOP must formulate a plan of pre-release conditions. This plan may include CCC placement, home confinement, drug or alcohol treatment, or any other plan that meets the obligation of a plan that addresses the prisoner's re-entry into the community.  The obligation is qualified by the phrase "to the extent practicable."  Space limitations in a CCC near the prisoner's home are among the factors that may make it impractical to transfer a prisoner to a CCC for all or even part of the transition period. Elwood v. Jeter, 386 F.3d 842, 846 (8th Cir. 2004).

Mr. Jarvis has failed to assert that respondents are improperly executing the remainder of his sentence.  Section § 3624(c) does not create a liberty interest because it "refers to no [mandatory] procedures. It is instead a broadly worded statute setting forth a general policy to guide the prison system." Badea v. Cox, 931 F.2d 573, 576 (9th Cir.1991).  Without a mandate that his continued confinement until February 2009 violates the Constitution, petitioner has failed to state a claim for habeas relief.

It is well settled law that prisoners have no inherent constitutional right to placement in any particular prison (such as a CCC), security classification, or housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montanye

v. Haymes, 427 U.S. at 242. Accordingly, the petitioner simply has no due process right, protected by the Fifth Amendment, to be placed in a half-way house or home confinement earlier than prior to the remaining ten percent of his sentence.

Based on the foregoing, Mr. Jarvis has failed to establish any grounds on which he is entitled to relief. Therefore, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: January 14, 2009